### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-104-SLP |
| ) | |
| WAYNE PHILLIP PITTS, ) | |
| ) | |
| Defendant. ) | |

### **O R D E R**

The United States Probation Office previously filed a Preliminary Report [Doc. No. 48] advising the Court that Defendant is eligible for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 52] and concedes Defendant's eligibility, but opposes any reduction of Defendant's sentence. Defendant, represented by counsel, has filed a Reply and a Supplemental Brief [Doc. Nos. 55 and 58] and seeks a reduction of his sentence to a 77-month term of imprisonment.

### I. **Background**

Defendant entered a guilty plea to the charge of Felon in Possession of Ammunition and was sentenced on November 7, 2022. *See* Judgment [Doc. No. 36]. At sentencing, the Court adopted the final presentence investigation report PSR [Doc. No. 31] without change. Defendant's advisory guideline sentencing range was 37 to 46 months. *Id*., ¶ 78; *see also* Doc. No. 37 at 1. The Court varied upward and sentenced Defendant to 96 months' imprisonment, to be served consecutively to Defendant's revocation sentence imposed in

Case No. CR-21-266-SLP and concurrently to the anticipated sentence in Oklahoma County District Court Case No. CF-2022-764. *See* Doc. Nos. 35 and 36 at 2. As Defendant points out, the 50-month upward variance represents a 108.7% increase over the top advisory guideline term of incarceration. The Court varied upward based on Defendant's "[u]nderrepresented criminal history" and the nature and circumstances of the offense, among other reasons. *See* Doc. No. 37 at 3-4.

Consistent with the Preliminary Report, the parties agree that Defendant is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821.[1] Defendant's advisory guideline sentencing range of imprisonment is now 30 to 37 months, rather than 37 to 46 months. Defendant argues that, with a commensurate 108.7% upward variance, his sentence should be reduced to 77 months. Defendant contends such a sentence "is appropriate and is a sentence sufficient but not greater than necessary to support the statutory goals of sentencing." Reply at 2. The Government opposes any sentence reduction.

## II.    Discussion

A two-step inquiry governs whether a defendant's sentence may be reduced. *United States v. Green,* 886 F.3d 1300, 1306 (10th Cir. 2018). First, the Court must consider whether a defendant is eligible for a sentence reduction. *Id.* Second, the Court must consider whether a sentence reduction is warranted in accordance with the factors set forth

---

[1] Defendant's eligibility is based on Amendment 821 (Part A) which reduces the number of status points assigned to a defendant to zero where, as here, the defendant has fewer than seven criminal history points. And because Defendant's amended guideline range is less than his current guideline range and sentence, he is eligible for a sentence reduction.

in 18 U.S.C. § 3553(a).  *Id*.  As set forth, the parties agree that Defendant is eligible for a sentence reduction and the Court's independent review of the record confirms the same.  Accordingly, the Court focuses on the second step of the inquiry, which involves a matter of the Court's discretion.  *Id*.; *see also United States v. McDonald*, No. 24-7038, 2025 WL 1140251 at *2 (10th Cir. April 15, 2025) ("[T]he decision whether or not to reduce a sentence based on the particular facts of a case lies within the district court's discretion" and "review of the reasonableness of a district court's chosen sentence is highly deferential[.]").

      Defendant addresses his substance abuse and mental health issues and seeks a reduction based on his improved condition after receiving needed prescription drugs while in prison.  Reply at 6; *see also* Supplemental Brief (further detailing treatment).  The Government opposes any sentence reduction, underscoring Defendant's violent behavior, criminal history, and continued substance abuse and disciplinary reports while in prison.

      Although the Court finds Defendant is eligible for a sentence reduction pursuant to Amendment 821, upon consideration of the § 3553(a) factors, the Court declines to reduce Defendant's sentence.  The Court commends Defendant for his treatment efforts while incarcerated.  But based on Defendant's lengthy history of substance abuse and mental health issues and his extensive criminal behavior inside and outside of custody, a sentence reduction is not warranted.  A sentence reduction would neither benefit public safety nor be consistent with the goals of federal sentencing.  Furthermore, the Court finds that the 96-month sentence is supported by several of the other § 3553(a) factors to include the seriousness of the offense, adequate deterrence to criminal conduct, respect for the law,

just punishment for the offense, and to protect the public from further criminal conduct. The 96-month sentence is sufficient, but not greater than necessary to meet the objectives set forth in § 3553(a).

### III. Conclusion

For the reasons set forth, the Court DENIES any reduction of Defendant's sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821.

IT IS SO ORDERED this 25th day of April, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE